


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CURTIS LAMONT McCOY,**

Petitioner,

v. Civil Action No. **3:13CV857**

**DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,**

Respondent.

**MEMORANDUM OPINION**

Curtis Lamont McCoy, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction, following a guilty plea, in the Circuit Court of the City of Richmond ("Circuit Court") for second-degree murder. On January 29, 2015, the Magistrate Judge issued a Report and Recommendation that recommended dismissing the action. The Court advised McCoy that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. McCoy filed objections. (ECF No. 21.) For the reasons that follow, McCoy's Objections will be OVERRULED, the Motion to Dismiss (ECF No. 6) will be GRANTED, and the action will be DISMISSED.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendation:

McCoy argues entitlement to relief on the following grounds:

Claim One "Petitioner was denied the effective assistance of counsel[[1]] . . . because trial counsel allowed petitioner to enter into a plea agreement when it was obvious that the prosecution would not be able to keep its end of the agreement." (Mem. Supp. § 2254 Pet. 1, ECF No. 2.)

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Two "Petitioner was denied due process[2] . . . when the prosecution breached its end of the agreement that petitioner entered into in exchange for his plea of guilty by not ensuring that petitioner serve his Federal obligation first." (*Id.*)

Respondent moves to dismiss on the grounds that McCoy's claims lack merit.[3] McCoy has responded. For the reasons set forth below, it is RECOMMENDED that the Court GRANT the Motion to Dismiss (ECF No. 6).

**A. The Applicable Constraints upon Federal Habeas Corpus Review**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

In light of the foregoing statutory structure, the findings of the Virginia courts figure prominently in this Court's opinion.

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] Respondent concedes that McCoy has exhausted his state court remedies with respect to the above claims.

## B. Pertinent Procedural History

Initially, McCoy was charged with first-degree murder, use of a firearm during the commission of a murder, and possession of firearm by a convicted felon. (Feb. 14, 2013 Tr. 52-54.) If convicted by a jury of all of the above offenses, McCoy faced a maximum sentence of life plus eight years and a minimum sentence of twenty-eight years of imprisonment (Feb. 14, 2013 Tr. 54-55.) Additionally, McCoy faced up to four years imprisonment for violating the terms of supervised release for a federal sentence. (Nov. 15, 2007 Tr. 4-5.)

At his plea hearing, the Commonwealth summarized its evidence as follows:

> [O]n June 23, 2007, in the City of Richmond, south of the James, at the corner of Hayden and Lynhaven Avenue, Mr. Nathaniel was -- his mother would testify had just left his house, had told her that he was going to the store. Witnesses at the scene said that Mr. Nathaniel was walking down the street in the area. Mr. McCoy got out of a vehicle, approached Mr. Nathaniel, spoke to him and pulled out a gun and shot him.
>
> . . . Mr. McCoy, later on that day, turned himself in to the police giving a statement that he acted in self-defense.

(Nov. 15, 2007 Tr. 11.)[4]

Following a guilty plea, the Circuit Court convicted McCoy of second-degree murder. The Plea Agreement provided, in pertinent part, that:

> [T]he defendant will be sentenced as follows:
> in case number 07F-4684 to 25 years incarceration in a Virginia Correctional Facility with 10 years suspended for 40 years
>
> . . .
>
> the defendant serve 3 years of this sentence concurrently with any federal sentence he may receive and that the federal incarceration be served prior to his state obligation . . . .

Plea Agreement at 1, *Commonwealth v. McCoy*, No. CR07-F-4684 (Va. Cir. Ct. filed Nov. 15, 2007).

On March 10, 2008, the Circuit Court, in accordance with the Plea Agreement, sentenced McCoy to:

[4] McCoy explained that, "Mr. Nathaniel came to my house and robbed me and put a gun in my mouth in front of my fiancée's two little kids on my back porch." (Feb. 14, 2013 Tr. 60.) McCoy confronted Mr. Nathaniel on June 23, 2007, because Mr. Nathaniel had "threaten[ed] to come back and kill [McCoy]" and McCoy "felt like the police department weren't doing anything." (Feb. 14, 2013 Tr. 67.)

> Incarceration with the **Virginia Department of Corrections** for the term of: **25 years.**
>
> **3 years** of this sentence shall run **concurrent** with any federal time the defendant may receive. The federal incarceration shall be served prior to the defendant's state obligation.
>
> The Court **SUSPENDED 10 years** of the sentence, for a period of **40 years** . . . .

*Commonwealth v. McCoy*, No. CR07-F-4684, at 1 (Va. Cir. Ct. Mar. 10, 2008).

As discussed below, contrary to the parties' expectations, McCoy could not serve any portion of his 15-year active state sentence concurrent with his federal sentence. Following a delayed appeal, McCoy filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he raised the same grounds for relief as he now presents in his § 2254 Petition. *See* Memorandum of Law at 1, *McCoy v. Dir. of the Dep't Corr.*, No. 120936 (Va. filed June 4, 2012). The Supreme Court of Virginia directed the Circuit Court to conduct an evidentiary hearing on McCoy's claims and issue findings of fact and recommended conclusions of law. *McCoy v. Dir. of the Dep't of Corr.*, No. 120936, at 1 (Va. Nov. 30, 2012).

The Circuit Court conducted an evidentiary hearing and issued the following findings of fact and conclusions of law:

> Petitioner is in Respondent's custody pursuant to final judgments of this Court entered on March 10, 2008. Following a guilty plea,[5] Petitioner was convicted of second degree murder and was sentenced in accordance with the plea agreement to 25 years' incarceration with ten (10) years suspended and with three (3) years to run concurrent with "any Federal time the defendant may receive." (Case No. CR07-F-4684).
>
> . . . .
>
> . . . On November 30, 2012, the Supreme Court of Virginia issued an order remanding the matter to this Court to conduct an evidentiary hearing to determine, "[w]hether the petitioner's plea of guilty pursuant to the plea agreement rested in any significant way on terms that were subsequently violated or not fulfilled by the Commonwealth." (Record No. 120936, November 30, 2012).

[5] The plea reduced the charge from first-degree murder to second-degree murder and two charges, possession of a firearm by a convicted felon and use of a firearm in the commission of a murder, were dropped. Petitioner was to receive a total active sentence of twelve (12) years pursuant to the plea agreement. (Tr. 52-56.)

## *Findings*

On February 14, 2013, this Court conducted an evidentiary hearing. After a review of the criminal record and the evidence adduced at the hearing, this Court finds:

1. There was only one term of the plea agreement that was not fulfilled by the Commonwealth: the Commonwealth failed to ensure that Petitioner would serve his time in Federal custody first.

2. Petitioner was affected by this breach of the plea agreement. Petitioner did not receive credit for the three years that was to run concurrent with the federal time, and his state time was served prior to his federal time.

3. Respondent concedes that as the length of Petitioner's sentence is directly affected, Petitioner did significantly rely on the time running concurrent with his federal sentence.

4. Petitioner did not rely in any significant way on serving his federal time prior to serving his state time.

5. Currently, Petitioner will serve fifteen (15) years in state custody, then he will serve his federal time. This causes a violation of his plea agreement with the Commonwealth.

6. Justice requires that Petitioner's sentence be modified so that Petitioner serves the agreed upon twelve (12) years in state custody.

## *Analysis*

The written plea agreement and the sentencing order called for Petitioner to receive a sentence of 25 years' incarceration with ten (10) years suspended and with three (3) years to run concurrent with any Federal sentence and the Federal sentence was to be served first. The result of the plea agreement and sentencing order was that Petitioner: would serve twelve (12) years in the custody of the Department of Corrections. However, Petitioner never entered . . . federal custody. As a result, Petitioner must serve his entire state sentence of 15 years before the Federal Bureau of Prisons will accept his transfer. (Tr. 17, 20, 24, 27). The amount of time a defendant will serve incarcerated is clearly material to the plea agreement. *See generally* Rule 3A:8(c) (plea agreement is to determine what charges a defendant may face and what sentence

the defendant may serve in exchange for a guilty plea). Consequently, Petitioner relied in a significant way on this element of the plea agreement.

Petitioner asserts that he relied on the plea agreement to serve his federal time first because he wanted "to avoid any confrontation [with the victim's relatives] and give things time to cool down." (Tr. 30). The Court finds no credible evidence to support this contention. While Petitioner related two incidents that occurred while in state custody that resulted in his transfer for his own protection[6] the evidence showed that Petitioner's real issue was that he felt that he was not treated fairly by DOC staff at several institutions and suffered a great deal of "stress." (Tr. 35-38, 43-45, 51, 56). These incidental issues could not have been foreseen at the time Petitioner entered into the plea agreement, and, therefore, he did not significantly rely on serving his federal time first in his acceptance of the plea. Consequently, Petitioner did not rely in any significant way on where he was going to be serving his time when he entered the plea agreement.

***Conclusion***

The plea agreement in this case called for Petitioner to serve a total of twelve (12) years in custody of the state with three (3) years of his fifteen (15) year imposed state sentence to be served in federal custody, resulting in a twelve (12) year active state sentence. The Federal Bureau of Prisons will not take custody of Petitioner until the entirety of his active state sentence is served. As a result, Petitioner must serve fifteen (15) years in state custody prior to serving his three years of Federal time.

A technical violation of the plea agreement occurred when Petitioner was required to serve his state sentence prior to his federal sentence. However, Petitioner did not rely in any significant way on serving his federal time first as it relates to where he served his time. Thus, this technical violation was harmless.

Petitioner's sentence should be modified so that Petitioner will serve an active twelve (12) year sentence with the Department of Corrections.

Findings of Fact and Recommended Conclusions of Law at 1-4, *McCoy v. Dir. of the Dep't of Corr.*, No. 120936 (Va. filed Apr. 15, 2013) (alteration in original) (footnote numbers altered) (punctuation and spelling corrected).

Thereafter, the Supreme Court of Virginia granted in part and denied in part McCoy's state petition for a writ of habeas corpus. *McCoy v. Dir. of the*

[6] *See* (Tr. 32-35, 55)

*Dep't of Corr.*, No. 120936, at 1-4 (Va. Aug. 28, 2013). Specifically, the Supreme Court of Virginia concluded:

> The Court holds that claim (1) fails to satisfy the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In reviewing the circuit court's findings of fact, we defer to the court's factual findings and are bound by them unless they are plainly wrong or without evidentiary support. *Lovitt v. Warden*, 266 Va. 216, 229, 585 S.E.2d 801, 808 (2003), *cert. denied*, 541 U.S. 1006 (2004); *Hedrick v. Warden*, 264 Va. 486, 496, 570 S.E.2d 840, 847 (2002). The record, including the transcript, sentencing order, affidavit of Wendy K. Brown, the manager of the Court and Legal Services Section for the VDOC, and the circuit court's findings of fact, demonstrates that petitioner entered into a plea agreement under the terms of which he would serve his federal sentence prior to fulfilling his state obligation. The Federal Bureau of Prisons, however, will not accept an offender until he has completed his entire state sentence. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 261 (1971). The circuit court found, however, that petitioner, in accepting the plea agreement, "did not rely in any significant way on serving his federal time prior to serving his state time." This finding is not clearly wrong or without factual support. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
>
> In claim (2), petitioner alleges he was denied due process when the Commonwealth breached the plea agreement by not ensuring he serve his federal obligation prior to his state sentence. Petitioner contends the plea agreement was rendered void and the only remaining remedy is to vacate the plea because he has already served five years of his sentence in the VDOC.
>
> The Court holds that claim (2) is without merit. The Commonwealth did not breach the plea agreement with respect to petitioner serving his federal obligation prior to his state sentence because the order in which petitioner served his sentences was not a material provision of the agreement, and the circuit court found petitioner did not rely in any significant way on such a provision in accepting the plea agreement.
>
> The plea agreement, however, called for three years of petitioner's state sentence to be served concurrently with his federal obligation, resulting in an active sentence of twelve years.

> As the Federal Bureau of Prisons will not take custody of petitioner until he has completed his fifteen year state sentence, petitioner will serve an additional three years' incarceration.
>
> Therefore, the matter is remanded to the Circuit Court of the City of Richmond with direction to modify petitioner's sentencing order to reflect an active sentence of twelve years with the VDOC.

*Id.* at 2-4.

Thereafter, the Circuit Court modified McCoy's sentencing order in accordance with the instructions of the Supreme Court of Virginia. *Commonwealth v. McCoy*, No. CR07-F-4684 (Va. Cir. Ct. Apr. 15, 2014).

**C. Alleged Ineffective Assistance of Counsel**

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by McCoy that he would not have pled guilty if he had did not get to serve his federal sentence first is not dispositive of the issue. *United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Instead, "[a]ll facts and circumstances surrounding [McCoy's] plea must be considered." *Id.* (citing *Hill*, 474 U.S. at 59-60).

Here, the record reflects that McCoy knowingly and voluntarily entered a guilty plea to second degree murder provided that, in effect, he would receive a twelve-year sentence for that crime. Following the modification of his sentence by the Circuit Court, McCoy has now received that sentence. Therefore, in order to demonstrate prejudice, McCoy must now show a reasonable probability that he would have insisted on going to trial if he was not allowed to serve any federal sentence before serving his state sentence. The Virginia courts found, as a factual matter, "that petitioner, in accepting the plea agreement, did not rely in any significant way on serving his federal time prior to serving his state time."

*McCoy*, No. 120936, at 3 (internal quotation marks omitted).[7] Given the foregoing finding and the significant reduction in sentencing exposure McCoy received by pleading guilty, McCoy fails to demonstrate any reasonable probability that he would have pled not guilty if he could not serve his federal sentence first. *See Campbell v. Smith*, 770 F.3d 540, 549 (7th Cir. 2014) ("The likelihood of a different outcome 'must be substantial, not just conceivable." (quoting *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011))). The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Supreme Court of Virginia's rejection of Claim One. *See* 28 U.S.C. § 2254(d)(1)-(2); *cf. Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000) (concluding petitioner could not demonstrate prejudice because he was aware that state might not be able to fulfill the portion of his plea agreement which required that he serve his state sentence concurrent with a yet to be imposed federal sentence). Accordingly, it is RECOMMENDED that Claim One be DISMISSED.

**D. Breach of the Plea Agreement**

It is well-established "that when a plea rests in any significant degree on a promise . . . of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Nevertheless, "if the breach is insubstantial, immaterial, technical, or cured, then the defendant is entitled to no relief." *Campbell*, 770 F.3d at 546 (citing *United States v. Diaz–Jimenez*, 622 F.3d 692, 694 (7th Cir. 2010); *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006)). Here, the only aspect of the Plea Agreement that has not been fulfilled is allowing McCoy to serve his federal time prior to serving his state time. The Virginia courts found that McCoy did not rely in "any significant way on serving his federal time prior to serving his state time" and that this aspect of the Plea Agreement was not "a material provision of the agreement." *McCoy*, No. 120936, at 3-4. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Supreme Court of Virginia's rejection of Claim Two. *See* 28 U.S.C. § 2254(d)(1)-(2); *Cf. United States v. Phillips*, Nos. 03-6424, 03-6438, 143 F. App'x 667, 674 (6th Cir. 2005) (denying relief on plain error review, where although the government breached the plea by agreement by objecting to the defendant's request to be incarcerated in a particular facility, said breach failed to affect the defendant's substantial rights). Accordingly it is RECOMMENDED that Claim Two be DISMISSED.

---

[7] This finding is binding on this Court absent clear and convincing evidence to the contrary. *See* 28 U.S.C. 2254(e)(2). McCoy fails to direct the Court to any such evidence.

E. **Conclusion**

> It is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED and that the action be DISMISSED.

(Report and Recommendation entered Jan. 29, 2015 (alterations in original).)

## II. STANDARD FOR REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. McCOY'S OBJECTIONS

McCoy raises eleven numbered objections. In Objection 1, McCoy complains that the "Magistrate Judge used an unconstitutional standard of review by adopting the A[ED]PA's 'statutory structure.'" (Objs. 1.)[8] McCoy, however, directs the Court to no persuasive authority for the proposition that the AEDPA's standard of review is unconstitutional. *See Cobb v. Thaler*, 682 F.3d 364, 373–74 (5th Cir. 2012) (rejecting petitioner's "contention that AEDPA's standard of review is unconstitutional under Article III of the U.S. Constitution" (citing *Evans v. Thompson*, 518 F.3d 1, 6–11 (1st Cir. 2008); *Crater v. Galaza*, 491 F.3d 1119, 1126–30 (9th Cir. 2007); *Green v. French*, 143 F.3d 865, 874–75 (4th Cir. 1998), *abrogated on other grounds by*

[8] The Court employs the pagination assigned to McCoy's Objections by the CM/ECF docketing system.

*Williams v. Taylor*, 529 U.S. 362 (2000); *Lindh v. Murphy*, 96 F.3d 856, 871–74 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997))). Accordingly, Objection 1 will be OVERRULED.

In Objection 2, McCoy "demands that the Court show clearly from the record that the Circuit Court had *jurisdiction* to modify his sentence after he was received by the VDOC." (Objs. 2.) "A claim that a state court lacks jurisdiction under state law presents no federal constitutional issue for habeas review." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *4 (E.D. Va. 2009) (citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Hernandez v. Ylst,* 930 F.2d 714, 719 (9th Cir. 1991); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969); *Griffin v. Padula*, 518 F. Supp.2d 671, 677 (D.S.C. 2007)). The Supreme Court of Virginia's conclusion that the Circuit Court had jurisdiction under state law to modify McCoy's state sentence is not reviewable on federal habeas. Objection 2 will be OVERRULED.

In Objection 3, McCoy objects that the Magistrate Judge failed to analyze the facts to determine whether he had materially relied upon serving his federal sentence before his state sentence. This objection lacks merit. The Magistrate Judge analyzed the facts and relevant law and agreed with the Virginia courts that "McCoy did not rely in 'any significant way on serving his federal time prior to serving his state time' and that this aspect of the Plea Agreement was not 'a material provision of the agreement.'" (Report and Recommendation 10 (quoting *McCoy v. Dir. of the Dep't of Corr.*, No. 120936, at 3–4 (Va. Aug. 28, 2013)). Objection 3 will be OVERRULED.

In Objection 4, McCoy asserts that he was induced by fraud to plead guilty. In Objection 7, McCoy complains that the Magistrate Judge "failed to conduct an inquiry as to the character of the original Judgment order of the Circuit [C]ourt and McCoy specifically objects to it." (Objs. 7.) McCoy fails to coherently explain how these objections demonstrate a deficiency in

the Magistrate Judge's recommended disposition of McCoy's two grounds for relief. Accordingly Objections 4 and 7 will be OVERRULED.

In Objection 5, McCoy insists that the Magistrate Judge incorrectly concluded McCoy "was initially charged with first-degree murder." (Objs. 4 (citation omitted).) McCoy suggests that he only was charged with manslaughter. (*Id.* at 6.) The Magistrate Judge properly relied upon the Circuit Court's determination that the original indictment appropriately charged McCoy with first-degree murder, *see supra* footnote 5.[9] Accordingly, Objection 5 will be OVERRULED.

McCoy did not include an Objection 6.

In Objection 8, McCoy "objects to the Magistrate Judge presuming that the factual determinations of the state court are correct." (Objs. 8.) Thereafter, McCoy lists a series of facts and findings of law and fact that he asserts that the Magistrate Judge erroneously presumed to be correct. The pertinent statute provides "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, the Magistrate Judge did not err in presuming the correctness of the Virginia courts' factual findings. Furthermore, McCoy fails to demonstrate any error with respect to the Magistrate

---

[9] Additionally, McCoy's indictment cites, section 18.2–32 of the Virginia Code which provides, in pertinent part:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2–31, is murder of the first degree, punishable as a Class 2 felony.

Va. Code Ann. § 18.2–32 (West 2014). Furthermore, under Virginia law, "[t]he common law and statutory definitions of murder in the first degree are no longer necessary to be placed in an indictment." *Hevener v. Commonwealth*, 54 S.E.2d 893, 899 (Va. 1949).

Judge's legal findings. The record fails to indicate that the Magistrate Judge presumed the state courts' finding of law and fact to be correct. Rather, the Magistrate Judge properly concluded that McCoy failed to demonstrate the Supreme Court of Virginia's rejection of his claims warranted relief under 28 U.S.C. § 2254(d)(1)–(2). Objection 8 will be OVERRULED.

In Objection 9, McCoy objects that "[t]he ruling of the Virginia Supreme Court to modify McCoy's agreement violates the impairment of contracts clause forbidden to the states in Article 1 sec. 10 of the Federal Constitution. McCoy objects to the Magistrate Judge failing to analyze the case under the standard of review for contract impairment claims." (Objs. 8.) Although McCoy asserts the rejection of his contract claim violates his rights, he makes no effort to distinguish the persuasive authority cited by the Magistrate Judge that no habeas relief is warranted for the failure to abide by "insubstantial [or] immaterial" portions of a plea agreement. *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) (citing *United States v. Diaz–Jimenez*, 622 F.3d 692, 694 (7th Cir. 2010); *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006)). Accordingly, Objection 9 will be OVERRULED.

In Objection 10, McCoy contends that "Operating Procedure 830.2 of the VDOC imposes mandatory restrictions on inmates with detainers, specifically subjecting McCoy to harsher conditions in state prison that had he served the Federal sentence first, would not exist." (Objs. 9.) During the course of the hearing conducted in the Circuit Court, McCoy represented that the outstanding federal detainer made his "security level stay[ ] high" and he "can't get certain jobs within the [VDOC] because [his] security level is so high." (Feb. 14, 2013 Tr. 68, ECF No. 19–1) The Circuit Court, however, after hearing McCoy's testimony regarding the detainer and judging his credibility, was not persuaded that the possibility of a detainer played any part in McCoy's initial determination to accept the Plea Agreement. Findings of Fact and Recommended Conclusions of Law at 4, *McCoy v. Dir. of the Dep't of Corr.*, No. 120936 (Va.

filed Apr. 15, 2013) (concluding that McCoy "did not rely in any significant way on serving his federal time first as it relates to where he served his time"). Objection 10 will be OVERRULED.

In Objection 11, McCoy "objects to the Magistrate Judge['s] statement that McCoy knew it was a possibility that the Commonwealth would not be able to honor the plea." (Objs. 9.) The Magistrate Judge did not make such a statement or reach such a conclusion. Accordingly, Objection 11 will be OVERRULED.

McCoy did not include an Objection 12.

In Objection 13, McCoy asserts that "the Magistrate Judge failed to read any of McCoy's argument in his Federal Habeas." (*Id.* (capitalization corrected).) McCoy fails to substantiate this objection or direct the Court to any argument or evidence that demonstrates entitlement to relief on his two claims raised in his § 2254 Petition. Objection 13 will be OVERRULED.

## IV. CONCLUSION

McCoy's Objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Respondent's Motion to Dismiss (ECF No. 6) will be GRANTED. McCoy's Motion for a Temporary Restraining Order (ECF No. 14), wherein he seeks his release from custody, will be DENIED. McCoy's claims and the action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-11-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge